UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VENUS FLYNN, | CASE NO. C17-5316RBL |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS AND REMANDING |
| v. | |
| JESSICA DENNIS, et al., | [Dkt. #6] |
| Defendants. | |

THIS MATTER is before the Court on Defendant United States' Motion to Dismiss for lack of jurisdiction. [Dkt. #6]. This is a tort claim arising from an automobile accident allegedly caused by Defendant Beatrice Ashburn. Ashburn is an FDIC employee. The United States claims that Ashburn was at all times acting within the scope of her official FDIC duties.

Flynn filed a Notice of Administrative Claim with the FDIC in May, and it has not yet been reviewed under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). The United States seeks dismissal because Flynn has not yet exhausted her administrative remedies and because it has not waived its sovereign immunity unless and until she does.

Flynn argues that the U.S. Attorneys' "certification" that Ashburn was acting within the scope of her official capacity is insufficient to establish that "fact" for jurisdictional purposes,

and that there is no evidence from which this court can make that determination. Alternatively, she asks that the claims against Ashburn be dismissed without prejudice and her remaining claims (against Defendants Dennis and Ortiz) be remanded to state court.

The United States argues in reply that Flynn has conceded that she has not exhausted her administrative remedies and that she has not raised a legitimate question about the scope of Ashburn's duties.

The Court agrees. There is no reason to doubt the certification, and in the absence of any evidence that Ashburn was acting outside the scope of her employment at the time of the accident, discovery into this topic is not warranted. *Cf. Meridian Intern. Logistics, Inc., v. United States*, 939 F.2d 740 (9th Cir. 1991) (plaintiff opposed dismissal with evidence challenging the "scope" determination). There is an administrative process now underway.

The Motion to Dismiss is **GRANTED** and Flynn's claims against Ashburn and the United States are **DISMISSED** without prejudice.

Because this Motion is the only substantive matter that has been addressed by this Court, the Court **DECLINES** to exercise its supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 and the remainder of the case is **REMANDED** to Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 14th day of June, 2017.

Ronald B. Leighton
United States District Judge